Filed 11/14/13  P. v. Surico CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B248948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA073764) |
| v. | |
| CHRISTOPHER SURICO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Candace Beason, Judge.  Affirmed.

Mark S. Givens, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Christopher Surico, appeals from the trial court's April 24, 2013 post-judgment order denying his motion to modify his sentence in Los Angeles Superior Court Case No. GA073764. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

In an information filed on August 11, 2008 in Los Angeles Superior Court Case No. GA073764, Surico was charged with two counts of "first degree burglary, person present," in violation of Penal Code section 459.[1] It was further alleged Surico had suffered a prior conviction for burglary in case No. BA089473 within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), had previously suffered a conviction for the serious felony of burglary within the meaning of section 667, subdivision (a)(1) and had suffered three prior convictions for burglary for which he served prison terms within the meaning of section 667.5, subdivision (b). Trial on the matter was bifurcated and, on June 29, 2009 a jury found Surico guilty of both counts of burglary.[2]

After the jury was dismissed, a court trial was held with regard to Surico's prior convictions and prison terms. The trial court found true the allegation Surico had sustained a prior burglary conviction in case No. BA089473 within the meaning of the Three Strikes law, found true the allegation Surico had suffered a prior conviction for burglary within the meaning of section 667, subdivision (a)(1) and found true the allegations Surico had suffered convictions for burglary for which he served prison terms within the meaning of section 667.5, subdivision (b) in case No. BA089473 and two other superior court cases.

In July 2009, before the trial court imposed sentence, Surico's trial counsel filed a petition for writ of habeas corpus. At a hearing held on July 24, 2009, defense counsel

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] The evidence had established that on or about June 24, 2008, Surico entered a carport to an apartment or condominium complex and took items which were being stored there under a tarp. The carport had "three open walls. The only walls were the roof and the back."

2

argued Surico was entitled to a new trial because one of the jurors had looked at Surico's sister and, "as he passed her, . . . made the statement 'thieves.' " The trial court determined the juror's statement did not amount to misconduct and did not justify a new trial. Defense counsel next argued the prosecutor had improperly "tried to introduce evidence [Surico had at one time] escape[d] from prison." The trial court responded, "Well, . . . the fact . . . I didn't allow it to be alleged as a [section] 667.5[, subdivision] (b) prior doesn't mean . . . it's not part of his record for me to consider" with regard to sentencing. Finally, defense counsel indicated the prosecutor had suggested to the court "there was only a one-year period when [Surico] was out of custody [when] in fact, there was a three-year period . . . from 2004 to 2007." Counsel added, "given [the] opportunity and the right environment [Surico could] be a productive member of society[.]" In addition, although he was addicted to heroin, Surico had attempted "on his own to go into rehab." Counsel argued, in view of Surico's history, which did not "involve crimes of violence or sex crimes," the trial court should consider a grant of probation.

After the trial court heard additional argument from Surico's counsel, argument from the prosecutor and a statement from Surico, himself, it denied Surico's petition. The court noted "the genesis of Mr. Surico's problems [was] drug addiction" and due to that addiction he had committed "numerous" residential burglaries. In addition, the trial court recognized that from 1994 until June 2008, a period of almost 14 years, Surico had been out of custody or not on parole "for . . . [only] a little less than three years." Finally, Surico was on parole at the time the June 24, 2008 burglaries were committed.

The trial court sentenced Surico on July 24, 2009. Before imposing sentence, the court indicated it had read the People's sentencing memorandum, Surico's motion for a new trial, his *Romero*[3] motion requesting that his conviction found true with regard to the Three strikes law be stricken and his motion requesting probation. After denying each of Surico's motions, the court imposed sentence. With regard to the burglary alleged in count 1, the trial court imposed the low term of two years in state prison, then doubled

---

[3]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

3

the term to four years pursuant to the Three Strikes law. As to the burglary alleged in count 2, the trial court imposed a term of four years in prison, then stayed the term pursuant to section 654,[4] the stay to become permanent upon Surico's completion of the sentence imposed for count 1. The trial court then imposed a term of five years for the finding made pursuant to section 667, subdivision (a)(1), that Surico had suffered a conviction for a serious or violent felony, and a term of one year for the finding pursuant to section 667.5, subdivision (b) that Surico had suffered a prior conviction in case No. BA253145 for which he served a prison term. The trial court dismissed the remaining allegations in the interest of justice (§ 1385). In total, Surico was sentenced to 10 years in prison. The trial court recommended that Surico be housed in a facility which provided drug rehabilitation treatment "and that he receive any benefits of drug treatment that are available to him within the Department of Corrections." After imposing a number of fines and fees, the trial court awarded Surico presentence custody credit for 396 days actually served and 198 days of good time/work time, for a total of 594 days.

Surico filed a timely notice of appeal from the judgment. In an unpublished opinion filed November 2, 2010 in *People v. Surico*, case No. B217884, Presiding Justice Klein, joined by Justices Croskey and Aldrich, noted Surico had "made multiple felonious entries into a single residential carport." The court then rejected Surico's arguments that: (1) the carport he entered did not amount to part of an inhabited dwelling and, even if it did, he could not be convicted of two counts of burglary; (2) the trial court committed instructional error; and (3) the trial court abused its discretion when it refused to strike Surico's prior Three Strikes conviction in the interests of justice. Accordingly, this court affirmed the judgment in superior court case No. GA073764.

In November 2012, Surico, acting in propria persona, filed a petition for writ of habeas corpus in the trial court. The trial court summarily denied the petition because Surico had not "provided proof of service on the Attorney General or the District

---

[4]    The court indicated it believed the burglaries in this matter "were part of one continuous course of conduct."

4

Attorney" pursuant to section 1475 and because "the claim raised in the petition could have been raised during the direct appeal . . . ."

On April 15, 2013, Surico, again acting in propria persona, filed in the Los Angeles Superior Court a "Motion to Correct Illegal Sentence[,] Adjust [Section] 4019 Credits and Amend the Abstract of Judgment." Surico asserted his sentence in case No. GA073764 was unlawful in that the trial court failed to award him appropriate "presentence in-custody credits pursuant to . . . [sections] 4019 [and] 1205.5" and to "amend the [a]bstract of [j]udgment to reflect the changes." In addition, Surico indicated the plea in the matter was based in part on his prior conviction in case No. BA089473, in which he was sentenced on December 12, 1994. He asserts this sentence was unconstitutional because the plea agreement in that matter consisted of "[t]he mid[-]term of four years suspended with formal probation: [¶] A drug program; [¶] A year in the county jail, servable in a drug program[.]" The time was to be served in the Biscailuz Program in the county jail, Impact House. Surico asserted "[t]his agreement was not followed, as [he] never went to a drug treatment program, and was subsequently sent to state prison because of further drug use."

A hearing was held on the motion on April 24, 2013. After indicating that section "4019 credits have been held not to be retroactive," the trial court denied the motion. On May 24, 2013, Surico filed a notice of appeal from the trial court's order and requested the appointment of counsel to assist him.

## CONTENTIONS

After examination of the record, appointed appellate counsel filed an opening brief which raised no issues and requested this court to conduct an independent review of the record. By notice filed July 25, 2013, the clerk of this court advised Surico to submit within 30 days any contentions, grounds of appeal or arguments he wished this court to consider. On August 19, 2013, Surico filed a supplemental brief in which he asserted the portion of his sentence based on the prior unlawful plea entered in case No. BA089473 "[could not] stand." He indicated, although he was granted probation, "no drug program was available" and "[t]his [amounted to] a no win situation for [him]." Accordingly, the

5

trial court should have stricken the prior conviction "and not enhanced [his] sentence" in case No. GA073764 with the prior.

Surico's contention is without merit as he has failed to show his prior plea in case No. BA089473 was "unlawful." With regard to the prior case, Surico simply states he "never went to a drug treatment program, and was subsequently sent to state prison because of further drug use." He then indicates he did not participate in a drug treatment program because "no . . . program was available." Surico, however, has presented no evidence to support his assertion no drug treatment program was available. To warrant consideration for relief, a defendant's statement must be corroborated by independent, objective evidence. (*In re Alvernaz* (1992) 2 Cal.4th 924, 938, 945.) No such evidence exists here.

## REVIEW ON APPEAL

We have examined the entire record and are satisfied counsel has complied fully with counsel's responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-284; *People v. Wende* (1979) 25 Cal.3d 436, 443.)

## DISPOSITION

The trial court's order denying modification of Surico's sentence in Los Angeles Superior Court Case No. GA073764 is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLEIN, P. J.

We concur:

CROSKEY, J.                                ALDRICH, J.